## CAMPBELL v. WICKWARE et al.

REAL estate of a judgment debtor, situated in the county where the judgment before a Justice of the Peace was rendered, may be sold on execution upon the judgment, whether a transcript of the judgment be filed in the office of the Recorder of such county or not.

No filing of such transcript with the Recorder is necessary, except as to property situated in a different county. With reference to property in the same county, the provisions for the enforcement of an execution upon a judgment in a Justice's Court are the same as those relating to District Courts.

APPEAL from the Fourth District.

Action commenced in the Fourth District Court to restrain defendant S. C. Harding, Constable of the second township of the city and county of San Francisco, from executing a deed to the defendant Wickware of certain land of plaintiff, which land had before that time been sold by said Harding at a Constable's sale, by virtue of an execution issued upon a judgment rendered in the second township Justice's Court of San Francisco, in favor of one George W. Tyler, and against the plaintiff.

At this sale, the defendant Wickware purchased the lot, and the time of redemption was about to expire when the plaintiff commenced this suit. The case was tried by the Court without a jury, and the Court found as a fact that the said Constable had levied upon and sold the said land of plaintiff under said execution, but that no transcript of the said Justice's judgment had ever been filed in the County Recorder's office; and that as a conclusion of law said sale was void; and that the certificate of sale of the Constable, on file in the Recorder's office, was a cloud upon the title of plaintiff, and decreed a perpetual injunction. Defendants appeal.

Campbell *v.* Wickware.

*John F. Swift*, for Appellants, to the point, that the judgment is not sustained by the facts found, and that land may be levied on and sold under execution on a judgment, whether the judgment be a lien on such land or not, and hence, that there was no necessity for filing a transcript of the Justice's judgment in the Recorder's office in this case, cited : Prac. Act, tit. 7, also sec. 599–602 ; 4 Kent's Com. 429–439, and notes ; *Carey* v. *Cornelius*, (1 Barb. Ch. R. 571) ; 2 Id. 36 ; 10 Paige, 325 ; *Isaacs* v. *Swift* (10 Cal. 71) ; *Catlin* v. *Jackson* (8 Johns, 546) ; *Wood* v. *Colvin* (5 Hill, 228) ; *Lafontaine* v. *Green* (17 Cal.) ; Bac. Abr., Title Execution, A.

*E. B. Crocker*, for Respondent.

[No brief on file.]

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The findings in this case do not support the judgment. The proposition is, that real estate of a judgment debtor cannot be sold in satisfaction of a judgment rendered by a Justice of the Peace, unless a transcript of the judgment has been filed in the office of the Recorder of the county, so as to become a lien upon the property. No such proceeding is necessary, except as to property situated in a different county ; with reference to property in the same county, the provisions for the enforcement of the execution are identical with those relating to the District Court. (Prac. Act, sec. 602.)

Judgment reversed and cause remanded for a new trial.